UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FERNANDO ROBERSON,

        Petitioner,

v.                                          CASE NO. 2:07-CV-13388
                                              HONORABLE PATRICK J. DUGGAN

BLAINE LAFLER,

        Respondent.

_____/

**OPINION AND ORDER DENYING
PETITION FOR WRIT OF HABEAS CORPUS**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on July 22, 2009.

PRESENT:  THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

This matter is pending before the Court on Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is challenging his 2005 convictions following a guilty plea in the Circuit Court for Washtenaw County, Michigan, of second-degree murder (Mich. Comp. Laws §750.317), felony firearm (Mich. Comp. Laws §750.227b), and possession by a felon of a firearm (Mich. Comp. Laws §750.224f). For the reasons that follow, this Court denies Petitioner's request for a writ of habeas corpus.

**I.    Factual and Procedural History**

Petitioner's convictions arise from the shooting death of Robin Page, in Ypsilanti, Michigan on May 21, 2005. Petitioner initially was charged with first-degree murder,

felony firearm, and felon in possession of a firearm.  On December 5, 2005, he pleaded guilty to second-degree murder, felony firearm, and felon in possession of a firearm, in exchange for the government's dismissal of the first-degree murder charge and a minimum sentence agreement of thirty years imprisonment. On January 23, 2006, the trial court sentenced Petitioner to a term of imprisonment of thirty to fifty years for the second-degree murder conviction, a consecutive term of imprisonment of two years for the felony firearm conviction, and a concurrent term of imprisonment of six to fifteen years for the felon-in-possession conviction.  (01/23/06 Tr. at 19.)

      Following sentencing, Petitioner filed a motion to withdraw his guilty plea. Petitioner argued that his history of psychiatric illness was known to trial counsel, was sufficient to justify a competency examination, and would have aided his defense.  On September 25, 2006, the trial court denied Petitioner's motion.

      Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, challenging the trial court's denial of his motion to withdraw his guilty plea. On December 29, 2006, the Michigan Court of Appeals denied the application for lack of merit in the grounds presented.  *People v. Roberson*, No. 273763 (Mich. Ct. App. December 29, 2006) (unpublished opinion).  Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which the Court denied on May 30, 3007. *People v. Roberson*, 478 Mich. 872, 731 N.W.2d 741 (2007).

      On August 9, 2007, Petitioner filed the present habeas petition.  Petitioner raises two grounds in support of his request for relief: (1) the trial court erred in its decision to

deny his motion to withdraw his guilty plea based on incompetency and (2) his plea should be set aside because of ineffective assistance of counsel. Respondent has filed an answer to the petition contending that it lacks merit.

## II.     Standard of Review

Review of this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to the AEDPA, Petitioner is entitled to a writ of habeas corpus if he can show that the state court's adjudication of his claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Simply stated, under § 2254(d), Petitioner must show that the state court's decision "was either contrary to, or an unreasonable application of, [the Supreme] Court's clearly established precedents, or was based upon an unreasonable determination of the facts." *Prince v. Vincent*, 538 U.S. 634, 639, 123 S. Ct. 1848, 1852-53 (2003).

A state court's decision is "contrary to" clearly established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has decided on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 1523 (2000). A state court's decision is

an "unreasonable application of" clearly established Supreme Court precedent "if the state court identifies correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Relief is also available under the "unreasonable application" clause "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 407, 120 S. Ct. at 1520; *Arnett v. Jackson*, 393 F. 3d 681, 686 (6th Cir. 2005).

### III.   Analysis

#### A.   Competency

Petitioner first claims he is entitled to habeas relief because the trial court failed to allow him to withdraw his plea based upon his claim of incompetency. Petitioner argues that his mental incompetence caused him to involuntarily and unknowingly plead guilty. The trial court rejected Petitioner's claim, reasoning:

> . . . the Court is more than a little familiar with this case because of its lengthy negotiations that went on, the contact the Court had with the file during the time it was pending . . . it's this Court's opinion that when he entered his plea he was represented by very experienced and competent counsel and that when he offered his plea it was clear to the Court, and I think the record will reflect that, that he made it [a] knowing and knowledgeable and voluntary plea based on a very beneficial plea offer that had been made.
>
> . . . [T]he fact that his post-conviction and post-sentence psychiatric history shows some mental illness does not by itself show that he was incompetent or unable to understand

> the proceedings or give a knowing and voluntary plea at the
> time [of] the conviction.
>
> As both counsel know, many people have a certain level of
> mental illness when they go through the criminal justice
> system and I think this defendant was fully aware of the plea
> he was offering and the consequences of it.

(9/25/06 Tr. at 8-9.) The trial court's decision was neither contrary to nor an unreasonable application of established Supreme Court precedent and it did not involve an unreasonable determination of the facts.

It is well established as a matter of federal constitutional law that a criminal defendant may not be tried unless he is competent. *Godinez v. Moran*, 509 U.S. 389, 396, 113 S. Ct. 2680, 2685 (1993). The standard for competence to plead guilty is the same as the standard for competence to stand trial. *Id.* at 396-98, 113 S. Ct. at 2685-86. The defendant must possess "'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and 'a rational as well as factual understanding of the proceedings against him.'" *Filiaggi v. Bagley*, 445 F.3d 851, 858 (6th Cir. 2006) (quoting *Drusky v. United States*, 362 U.S. 402, 80 S. Ct. 788 (1960)).

In regard to the affect Petitioner's alleged incompetency had on his ability to evaluate and make a decision on the proposed plea offer, the United States Supreme Court has established that "a plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea." *Brady v. United States*, 397 U.S. 742, 755, 90 S. Ct. 1463, 1472 (1970). Additionally, "a plea is intelligent and knowing where there is nothing to indicate that the

defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel." *Id*. at 756, 90 S. Ct. at 1473.

"A [state court's] determination of competence is a factual finding, to which deference must be paid." *Id*. (citation omitted). Thus the state court's findings must be upheld unless Petitioner presents "clear and convincing evidence to the contrary." *Id*. at 858-59 (citing 28 U.S.C. §§ 2254(d)(2), (e)(1)).

In this case, the state court record supports the trial court's finding that Petitioner was competent and entered his plea voluntarily and knowingly. (*See* 12/5/05 Tr. at 8-9.) The record reflects that Petitioner understood the nature of the charges and the possible sentence and had the opportunity to consult with counsel. (*Id*. at 4-5, 7-10) The trial court informed Petitioner of the consequences of a guilty plea and the rights he would be giving up once he pleaded guilty. (*Id*. at 9-11.) Petitioner chose to continue with his guilty plea and acknowledged to the court that this decision was made voluntarily and without any threats or undisclosed inducements. (*Id*. at 11.) Moreover, as counsel representing Petitioner in connection with his motion to withdraw the guilty plea acknowledged, Petitioner "faced a difficult case to defend" (9/25/06 at 4.) Finally, by pleading guilty, Petitioner avoided a mandatory life sentence. *See* Mich. Comp. Laws § 750.316.

The only evidence Petitioner has offered to challenge his competency to enter the plea are suicide risk assessments and psychiatric evaluations administered while he was

awaiting trial and sentencing. As the trial court found, indications that Petitioner was experiencing depression while going through the criminal justice system did not suggest that he was incapable of voluntarily and knowingly entering a guilty plea. (9/25/06 Tr. at 8-9.) Petitioner has not presented clear and convincing evidence to rebut the state court's factual finding as to his competency or to suggest that an evidentiary hearing is warranted. He is not entitled to habeas relief based on this claim.

### B. Ineffective Assistance of Counsel

Petitioner next asserts that he is entitled to habeas relief because his trial counsel provided ineffective assistance. In *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984), the United States Supreme Court set forth a two-part test for evaluating ineffective assistance of counsel claims. The first prong, known as the "performance" prong, requires a defendant to show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id*. The second prong, known as the "prejudice" prong, requires the defendant to show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

"To establish deficient performance, a petitioner must demonstrate that counsel's representation 'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S. Ct. 2527, 2535 (2003) (citations omitted). Furthermore, "[i]n any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466

U.S. at 688, 104 S. Ct. at 2065. "Because of difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.*

With respect to the "prejudice" prong, "[i]t is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693, 104 S. Ct. at 2067. Rather, "[t]he [petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S. Ct. at 2068.

Petitioner alleges that his trial counsel was deficient because he was aware of Petitioner's history of mental illness, yet failed to pursue a competency hearing. Nothing in the record, however, supports or suggests that Petitioner had a history of mental illness or that he was incompetent or was suffering from a mental condition that rendered him incapable of entering a valid guilty plea. Petitioner's trial attorney therefore did not deprive him of his constitutional right to the effective assistance of counsel by failing to request a competency hearing. Petitioner is not entitled to habeas relief based on his ineffective assistance of counsel claim.

**IV.   Conclusion**

For the reasons stated above, this Court concludes that Petitioner is not entitled to

habeas relief based on his incompetency claim or his ineffective assistance of counsel claim.

Accordingly,

**IT IS ORDERED**, that Petitioner's application for a writ of habeas corpus is **DENIED**.

                <u>s/PATRICK J. DUGGAN</u>
                UNITED STATES DISTRICT JUDGE

Copies to:

Fernando Dion Roberson, #254992
St. Louis Correctional Facility
8585 N. Croswell Road
St. Louis, MI 48880

Brian O. Neil, Esq.